21-00535MB

### AFFIDAVIT IN SUPPORT OF SEARCH WARRANT APPLICATION

Your affiant, Homeland Security Investigations (HSI) Special Agent (SA) Jason Kirk, being duly sworn, does depose and state the following:

### PURPOSE OF AFFIDAVIT AND IDENTIFICATION OF DEVICES

1. This affidavit is submitted in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination and extraction of electronically stored information from electronic device associated to Jesus Ernesto DESSENS-Romero which is currently in law enforcement possession. The electronic device (Target Telephone) to be searched is:

   a. One black Samsung Galaxy A21 Model: SA-A215U, IMEI: 354232119380872, Telephone number: (480) 637-8184

   This device is described in Attachment A and hereafter referred to as the "Target Telephone". The Target Telephone is currently located at 2334 E Highway 80 Douglas, AZ 85607.

2. There is probable cause to believe that a search of the Target Telephone will lead to evidence of human smuggling violations under 8 U.S.C. § 1324 as well as to the identification of individuals who are engaged in the commission of those and related crimes.

3. The facts that establish the probable cause necessary for issuance of the Order are personally known to me, are contained in official government or business records I have reviewed; or have been told to me directly by other members of the investigative team, which includes federal, state, or local law enforcement officers with whom I have worked on this investigation. As this affidavit is submitted for a limited purpose, it does not contain all aspects of this investigation, but only sufficient information to

establish probable cause in support of the issuance of an Order for the examination of the Target Telephone.

## SUSPECTED VIOLATIONS

- Title 8 U.S.C. § 1324(a)(1)(A)(i) (Bringing in alien(s) at an Improper Time or Place)
- Title 8 U.S.C. § 1324(a)(1)(A)(ii) (Transporting an Illegal Alien in Furtherance of the aliens illegal presence in the United States)
- Title 8 U.S.C. § 1324(a)(1)(A)(iii) (Concealing, Harboring, or Shielding Illegal Aliens)
- Title 8 U.S.C. § 1324(a)(1)(A)(v)(I) (Conspiracy to Commit Alien Smuggling)

## TRAINING AND EXPERIENCE

4. Your Affiant is a Special Agent with Homeland Security Investigations and has been since March 18, 2018. I graduated from Criminal Investigator Training Program and Homeland Security Special Agent training at the Federal Law Enforcement Training Center, where I received instruction in constitutional law, immigration law, criminal law, and federal and civil statutes. I have also received instruction in the detection, interdiction, and arrest of narcotics smugglers, alien smugglers, and aliens illegally present in the United States.

5. Prior to joining HSI, I was a Border Patrol Agent for 10 years and a Case Agent for the Tucson Sector Prosecutions Unit from 2012-2014. I have conducted investigations involving illicit activity and have gathered evidence and facts pertaining to administrative and criminal cases. I have taken sworn statements from material witnesses and suspects. I routinely perform records checks through various law enforcement databases to establish accuracy of information as well as to gather facts relevant to a respective case. I have acted as a liaison between the United States

   Attorney's Office and field agents, and I have assisted fellow agents in the development of their cases.

6. The statements contained in this Affidavit are based on information derived from your Affiant's personal knowledge, training and experience; information obtained from the knowledge and observations of other sworn law enforcement officers, either directly or indirectly through their reports or affidavits; surveillance conducted by law enforcement officers; analysis of public records; analysis of social media information; analysis of telephone records; intercepted communications; and analysis of financial records.

7. The applied-for warrant would authorize the forensic examination of the Target Telephone for the purpose of identifying electronically stored data particularly described in Attachment B.

## STATEMENT OF PROBABLE CAUSE

8. On February 19, 2021, SAs with HSI received a duty call about a missing person lost in the Huachuca Mountains near Fort Huachuca, Arizona. SAs learned the missing person was an illegal alien being smuggled into the United States. SAs identified the missing person as Ariacne Lopez-Cortez, who had attempted to enter the United States without authorization. SAs conducted material witness interviews with the family members who entered illegally into the United States with Ariacne Lopez-Cortez.

9. Material witness interviews with the family members who were smuggled along with Ariacne revealed that Ariacne had been walking through the mountains for three days and slept in the snow before being abandoned in the Huachuca Mountains on Monday, February 15, 2021 around 9 a.m. by an alien smuggling foot-guide. Material witnesses stated Ariacne had crossed into the United States with her younger juvenile sister, her older sister Yaneira, a juvenile male cousin, and two foot-guides. Material witnesses stated Ariacne became ill and complained of stomach pain around Sunday, February

14, 2021. Ariacne was given an unknown pill by the guides to help her block out the pain in order to continue walking. Material witnesses stated Ariacne did not sleep after taking the pill, was vomiting throughout the night, and could not keep food down. Ariacne declined food and refused to eat anything while they were hiking through the mountains. On the morning of February 15, 2021, the foot-guides left Ariacne behind near an unidentified dirt road, telling the material witnesses that they (the foot-guides) would send a vehicle to pick Ariacne up later.

10. The material witnesses obtained a map pinpoint of Ariacne's last known location from an individual listed as "Don Rodrigo," from Mexican number +52-772-129-8303. "Don Rodrigo" has previously been identified as Rodrigo PEREZ-Mezquite through financial transactions with Agua Prieta, Sonora, Mexico.  Telephone number +52-772-129-8303, or "Don Rodrigo," sent the coordinates for the location where the foot-guides claimed they abandoned Ariacne.

11. On June 8, 2021, Ariacne's family members provided SAs with information on the Facebook profile of Ernesto DESSENS and stated he was "Neto," one of the foot-guides. Ariacne's family also provided the Target Telephone number, (480) 637-8184, and stated they had contacted "Neto" since Ariacne's disappearance in an attempt to locate her. The material witnesses placed a recorded phone call to "Neto" using the same Target Telephone number and provided SAs with a copy of the call.

12. In the recorded phone call (translated from Spanish), the family and "Neto" discussed Ariacne's disappearance in the mountains. They also discussed the fact that "Neto" received calls from individuals in Mexico wanting more information about Ariacne. Based on training and experience, your Affiant believes the individuals in Mexico are other co-conspirators within the ASO. In the call, "Neto" asked if the family searched for Ariacne in the location that he previously sent them. "Neto" also asked if they checked hospitals, jails, Border Patrol, and the Consulate of Mexico.  The parties

discuss how the family had been posting flyers on Facebook and in Cananea, Mexico regarding Ariacne's disappearance. "Neto" requested they remove the posts and claimed he would go back and look for her. "Neto" made three requests for the family to delete the posts. "Neto" also assured the family that vehicles did eventually pick up Ariacne. "Neto" described a white Ford Lobo as well as a black Jeep and gray or green Jeep. "Neto" claimed the white Ford Lobo parked exactly where Ariacne had been left behind and speculated that Ariacne did not want to give up and instead wandered further away from the road and into the mountains. Based on these communications with "Neto," Ariacne's family stated that "Neto" had been working and living in Phoenix, Arizona.

13. On June 16, 2021, SA Kirk researched the Target Telephone number for "Neto" in financial databases and found the name Jesus Ernesto DESSENS-Romero attached to financial records. SA Kirk queried immigration databases for "Jesus Ernesto DESSENS-Romero" and found a prior deportation conducted by the Sonoita Border Patrol Station. DESSENS-Romero was assigned Alien number 208 566 720. He was previously arrested on November 1, 2016 and issued an Expedited Removal with a final order date of November 1, 2016. DESSENS-Romero was removed through the Calexico, California Port of Entry on November 2, 2016. SA Kirk obtained a booking photograph of DESSENS-Romero and sent the photo to Ariacne's family members who had been smuggled along with her. The witnesses confirmed that the individual in the photo had been their foot guide "Neto."

14. On June 10, 2021, SA Kirk issued a subpoena to T-Mobile for the "Neto" Target Telephone number's subscriber information and tolls beginning on January 1, 2021 continuing through June 10, 2021. On July 1, 2021 T-Mobile returned the requested information that showed a "Jesus ROMERO" activated the phone on February 22, 2021 under account number 171718605. The telephone model reported on the account

is the same as the Target Telephone in HSI possession: a black Samsung A21 32 GB smartphone. The phone was deactivated on July 20, 2021.

15. Based on additional information obtained during research into financial databases, your Affiant determined that two money remittances totaling $1,120 dollars, made in April 2021 and June 2021, were sent by Jesus Ernesto DESSENS-Romero to Kassandra Avigail DESSENS-Romero. Jesus Ernesto DESSENS-Romero made the remittances using the Target Telephone number and listed a Phoenix, Arizona address.

16. In November 2021, your Affiant learned DESSENS-Romero was arrested by Tennessee Highway Patrol (THP) on June 30, 2021 for possession of Cocaine. At the time of his arrest, he had two illegal alien passengers in the car with him and told law enforcement that he was coming from Arizona. Based on my training and experience, this is consistent with a load driver transporting illegal aliens from a smuggling hub city such as Phoenix or Tucson to final destinations in the United States on behalf of an alien smuggling organization. DESSENS-Romero was in possession of the same Target Telephone, which was seized by THP Troopers. THP recently mailed the physical Target Telephone to SA Kirk. The Target Telephone's number (480) 637-8184 matches the number that communicated with Ariacne's family members.

17. On November 1, 2021, HSI agents conducted an interview of DESSENS-Romero related to the February 2021 smuggling event. Post-*Miranda*, he admitted being a member of the group that crossed into the United States with Ariacne but denied being a foot guide for the group. He claimed he was simply another migrant coming into the United States illegally.

18. On November 20, 2021, skeletal remains were located by the non-profit group *SOS Busqueda Y Rescate* in a remote, mountainous area of Fort Huachuca, Arizona. Personal items located in and around the remains, physical characteristics of the

remains, and their location lead SAs to strongly suspect the remains belong to Ariacne Lopez-Cortez

19. Your Affiant believes that through a search of the Target Telephone, agents will be able to identify and link co-conspirators that worked with DESSENS-Romero and the ASO. It is also believed that the telephone will contain evidence of Alien Smuggling offenses under federal law and will also corroborate material witnesses' statements. The Target Telephone was seized by Homeland Security Investigations and is currently in storage at 2334 E. Highway 80, Douglas, Arizona 85607. In your Affiant's training and experience, your Affiant knows that the Target Telephone has been stored in a manner in which the contents are, to the extent material to this investigation, in substantially the same state as they were when the Target Telephone first came into the possession of Homeland Security Investigations.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

20. Based on my knowledge, training, and experience, I know that electronic devices such as the Target Telephone can store information for long periods of time. Similarly, things that have been viewed on the electronic device via the Internet and applications are also typically stored for long periods of time. This information can sometimes be recovered with forensic tools.

21. *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described in this affidavit, but also forensic evidence that establishes how the Target Telephone was used, the purpose of its use, who used it, and when. There is probable cause to believe that the following forensic electronic evidence might be found on the Target Telephone:

    a)     Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or

        of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

    b)   Forensic evidence on an electronic device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

    c)   A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

    d)   The process of identifying the exact electronically stored information on a storage medium that is necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

    e)   Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

22. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the Target Telephone consistent with the warrant. The examination may require authorities to employ techniques, including, but not limited to, computer-assisted scans of the entire

medium, that might expose many parts of the electronic device to human inspection in order to determine whether it is evidence described by the warrant.

23. *Manner of execution.* Because this warrant seeks only permission to examine the Target Telephone which is already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premise. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## SUMMARY

24. Based on the foregoing factors, I believe that the Target Telephone was used to facilitate and further the smuggling of illegal aliens through the U.S. in violation of Title 8 U.S.C. § 1324(a)(1)(A)(ii) and other federal statutes. Obtaining the electronically stored information from the Target Telephone is anticipated to yield additional evidence of a human smuggling conspiracy between DESSENS-Romero and other co-conspirators known and unknown to investigators.

I swear, under penalty of perjury, that the foregoing is true and correct.

JASON W KIRK
Digitally signed by JASON W KIRK
Date: 2021.11.23 12:18:45 -07'00'
_____
Jason Kirk
Special Agent
Homeland Security Investigations

Subscribed and sworn before me telephonically this __23rd__ day of November, 2021.

_____
The Honorable Eric J. Markovich
United States Magistrate Judge

21-00535MB

ATTACHMENT A

PROPERTY TO BE SEARCHED

The property to be searched is:

    a. One black Samsung A21 telephone, Model: A215U, IMEI: 354232119380872, Telephone number: (480)-637-8184

The TARGET TELEPHONE is currently located in law enforcement possession at 2334 E Highway 80 Douglas, AZ 85607.



    This warrant authorizes the forensic examination of the TARGET TELEPHONE for the purpose of identifying the electronically stored information described in Attachment B.

ATTACHMENT B

DESCRIPTION OF ITEMS TO BE SEARCHED FOR

1. Any records and information found within the digital contents of the TARGET TELEPHONE, including:

   a. all information related to the receipt, importation, transportation, transfer, possession of illegal aliens;

   b. all information related to sponsors or sources of alien smuggling (including names, addresses, telephone numbers, locations, or any other identifying information);

   c. all bank records, checks, credit card bills, account information, or other financial records;

   d. all information regarding the receipt, transfer, possession, transportation, or use of alien smuggling proceeds;

   e. any information recording schedule or travel;

   f. evidence of who used, owned, or controlled the Target Telephone at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, correspondence, and phonebooks;

   g. evidence indicating how and when the Target Telephone was accessed or used to determine the chronological context of the Target Telephone access, use, and events relating to crime under investigation and to the Target Telephone user;

   h. evidence indicating the Target Telephone user's state of mind as it relates to the crime under investigation;

      i. evidence of the attachment to the Target Telephone of another storage device or similar container for electronic evidence;

      j. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the Target Telephone;

      k. evidence of the times the Target Telephone was used;

      l. passwords, encryption keys, and other access devices that may be necessary to access the Target Telephone;

      m. documentation and manuals that may be necessary to access the Target Telephone or to conduct a forensic examination of the Target Telephone;

      n. records of or information about Internet Protocol addresses used by the Target Telephone;

      o. records of or information about the Target Telephone's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses;

As used above, the terms "records" and "information" includes records of telephone calls; names, telephone numbers, usernames, or other identifiers saved in address books, contacts lists and other directories; text messages and other stored communications; subscriber and device information; voicemails or other audio recordings; videos; photographs; e-mails; internet browsing history; calendars; to-do lists; contact information; mapping and GPS information; data from "apps," including stored communications; reminders, alerts and notes; and any other information in the stored memory or accessed by the electronic features of the Target Telephone.